_____

No. 96-3652
_____

In re: Missouri Department of      *
Natural Resources,                 *    Petition for Writ of Mandamus.
                                   *
            Petitioner.            *
_____

Submitted: November 20, 1996

Filed: January 29, 1997
_____

Before WOLLMAN, BEAM and MURPHY, Circuit Judges.
_____

BEAM, Circuit Judge.

     The Missouri Department of Natural Resources ("MDNR") seeks a writ
of mandamus directing the Honorable Joseph E. Stevens, United States
District Judge for the Western District of Missouri, to vacate his order
denying MDNR's motion to quash subpoenas duces tecum served upon it by
litigants in a case in which MDNR is not a party.  Because we believe that
the district court's order adequately protects all privileged information,
we deny mandamus.

I.    BACKGROUND

     Underlying this discovery dispute is the detection of hazardous
substances in the water of Newton County, Missouri.  MDNR investigated and
eventually identified FAG Bearings Corporation as potentially responsible
for the contamination.  Residents of the contaminated area then sued FAG
in federal court.  Thomas v. FAG Bearings Corp., 846 F. Supp. 1382 (W.D.
Mo. 1994).  FAG tried to involuntarily join MDNR in that case based on
MDNR's previous statements that it intended to sue FAG for the costs of
remediation.  On appeal,  we held that forcing MDNR to participate

in the suit would violate the Eleventh Amendment.  <u>Thomas v. FAG Bearings</u> <u>Corp.</u>, 50 F.3d 502 (8th Cir. 1995).

FAG ultimately settled with the <u>Thomas</u> plaintiffs, paying out over four million dollars.  It then initiated litigation to recover the cost of that settlement from others it claims were the real source of the Newton County contamination.  The MDNR investigation continues, as does MDNR's representation that it is preparing to sue FAG.  FAG served a subpoena duces tecum on MDNR seeking documents relating to the investigation.  MDNR refused to produce 137 of the requested documents, based on various assertions of privilege, and moved to quash the subpoenas.

The district court, after examining the privilege log and the extensive record in this and related cases, ordered production of the documents with the proviso that: (1) the identity of confidential informants would be redacted; (2) certain draft documents would be exempt from discovery; and (3) the mental impressions or legal conclusions of any government attorney would be redacted.  MDNR now petitions this court for a writ of mandamus ordering the district court to quash the subpoenas.

## II.  DISCUSSION

The management of discovery is committed to the sound discretion of the trial court.  <u>Bunting v. Sea Ray, Inc.</u>, 99 F.3d 887, 890 (8th Cir. 1996).  The scope of our review of discovery orders is both narrow and deferential.  <u>Baker v. General Motors Corp.</u>, 86 F.3d 811, 816 (8th Cir.), <u>petition for cert. filed</u>, 65 U.S.L.W. 3342 (U.S. Oct. 22, 1996).

Discovery orders involving claims of privilege can be subject to mandamus review.  <u>E.g.</u>, <u>In re Remington Arms Co.</u>, 952 F.2d 1029, 1031 (8th Cir. 1991) (reviewing order compelling production of alleged trade secrets); <u>Diversified Indus. v. Meredith</u>, 572 F.2d

596, 599 (8th Cir. 1977) (reviewing order compelling disclosure over claim of attorney-client privilege).  However, issuance of a writ of mandamus "`is a drastic remedy to be invoked only in extraordinary situations.'" In re SDDS, Inc., 97 F.3d 1030, 1034 (8th Cir. 1996) (quoting Melahn v. Pennock Ins., 965 F.2d 1497, 1501 (8th Cir. 1992)).   A party seeking issuance of a writ of mandamus must "have no other adequate means to attain the relief he desires and [must show that his] right to issuance of the writ is clear and undisputable."  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (per curiam) (citations omitted).  Careful review of this case leads us to conclude that mandamus relief is not warranted.

MDNR asserts a variety of privileges including attorney work product, deliberative process privilege, the government's privilege against identifying informants, and protection from pre-enforcement review.  The district court's order specifically allows MDNR to redact all information that identifies informants and legal opinions and strategies.  This order provides adequate protection of legitimately privileged information.[1]  We assume that the district court will address any additional concerns regarding specific documents by reviewing them in camera.  Black v. United States, 62 F.3d 1115, 1119 & n.6 (8th Cir. 1995) (citing In re Eisenberg, 654 F.2d 1107, 1112 n.7 (5th Cir. 1981)), cert. denied, 116 S. Ct. 1541 (1996).  Thus MDNR has failed to establish that it is threatened with irreparable harm or that it lacks adequate alternatives for relief.

---

[1]We note that the district court specifically found that these documents were created in the normal course of business rather than in anticipation of litigation, thus not qualifying as protected work product.  We therefore do not reach the question of a nonparty's ability to invoke the protection of Federal Rule of Civil Procedure 26(b)(3).

MDNR also asserts that the district court's order violates our holding in Thomas v. FAG Bearings Corp., 50 F.3d 502 (8th Cir. 1995). In Thomas, we held that compelling the state "to prosecute FAG at a time and place dictated by the federal courts" would violate the Eleventh Amendment. Id. at 505. We noted that forcing MDNR to litigate its claims prematurely "undermines the two aims of the Eleventh Amendment: protection for a state's autonomy and protection for its pocketbook." Id. at 506 (citing Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, ___, 115 S. Ct. 394, 400 (1994)).

The issues implicated in this discovery dispute are far removed from Thomas. MDNR has not shown how production of these documents infringes on the State of Missouri's autonomy or threatens its treasury. Governmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. United States v. Procter & Gamble, 356 U.S. 677, 681 (1958). There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court.

**III. CONCLUSION**

We have carefully considered the remainder of MDNR's arguments and find them to be without merit. The petition for a writ of mandamus is denied.

A true copy.

      Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.