# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2263

_____

Richard Green,                                          *
                                                        *
            Appellant,                                  *
                                                        *
      v.                                                *
                                                        *    Appeal from the United States
Larry Norris, Director, Official &                      *    District Court for the
Individual Capacity, Arkansas                           *    Eastern District of Arkansas.
Department of Correction; Willis                        *
Sargent, Warden, Official & Individual                  *        [UNPUBLISHED]
Capacity, Arkansas Department of                        *
Correction; John Does, Unknown                          *
Agents, Arkansas Department of                          *
Correction; Gregory Harmon, Assistant                   *
Warden, Arkansas Department of                          *
Correction; Eddie Cook, formerly                        *
employed as Assistant Warden,                           *
Diagnostic Unit, Arkansas Department                    *
of Correction; Tommie McGarity; John                    *
Byus, Medical Director, Arkansas                        *
Department of Correction,                               *
                                                        *
            Appellees.                                  *

_____

Submitted: March 3, 2000
Filed: March 8, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Richard Green, an Arkansas inmate at the Jefferson County Correctional Facility (JCCF), suffers from ulcerative colitis and a related skin disorder. He appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 (Supp. III 1997) action for deliberate indifference to medical needs. We affirm.

In his initial and amended complaints, Green named various Arkansas Department of Correction (ADC) officials, including Medical Director John Byus, and JCCF officials. Green alleged that Byus denied him needed medical treatment because of the cost, and that the other officials had been notified about the inadequate medical care he was receiving, but failed to act.

On appeal, Green first contends that summary judgment was premature. We reject this argument. Where, as here, the party opposing summary judgment fails to file a Federal Rule of Civil Procedure 56(f) motion and affidavit informing the District Court what discovery is needed, and fails to request a continuance, the District Court may grant summary judgment on the record before it. See Dulany v. Carnahan, 132 F.3d 1234, 1238-39 (8th Cir. 1997). Green also fails to show that the District Court abused its discretion in concluding that the appellees adequately complied with discovery orders. See In re Missouri Dep't of Natural Resources, 105 F.3d 434, 435 (8th Cir. 1997) (standard of review).

As to Green's claim that Byus denied him needed medical care because of the cost, we conclude that, although the record establishes that Green has a serious medical need, he failed to show that Byus was deliberately indifferent to it. See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) (deliberate indifference may be shown

---

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

by prison doctors' failure to respond to inmate's serious medical needs). The record shows that Green consistently received consultations with medical specialists, diagnostic tests, and medication and other treatments, and that he refused surgery recommended by an outside specialist. Therefore, we agree with the District Court that Green is basically challenging the course of treatment he received at JCCF, which does not constitute an Eighth Amendment violation. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (inmates do not have constitutional right to particular type of treatment; nothing in Eighth Amendment prevents prison doctors from exercising independent medical judgment).

Thus, we find that Green's related failure-to-intervene claim against the other appellees also fails. We note further that the record shows Green's complaints to them were referred to the medical unit. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.