# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2658/2659

_____

Kenneth E. Lloyd,                            *
                                             *
    Appellant/Cross-Appellee,            *
                                             *   Appeals from the United States
v.                                           *   District Court for the
                                             *   Northern District of Iowa
Hardin County, Iowa,                         *
                                             *
    Appellee/Cross-Appellant.            *

_____

Submitted:  March 17, 2000

Filed:  March 29, 2000

_____

Before WOLLMAN, Chief Judge, and McMILLIAN and MORRIS SHEPPARD
    ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

    Kenneth E. Lloyd appeals from a final order entered in the United States District Court[1] for the Northern District of Iowa granting summary judgment in favor of Hardin County, Iowa, on his claim pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.  See Lloyd v. Hardin County, No. C98-0023 (N.D. Iowa

_____

[1]The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, who, upon the consent of the parties, had jurisdiction to enter judgment pursuant to 28 U.S.C. § 636(c).

June 3, 1999) (summary judgment order) (hereinafter "slip op."). For reversal, Lloyd argues that the district court erred in holding that (1) he has failed to establish a genuine issue of fact as to whether he can perform the essential functions of his job with or without reasonable accommodations and (2) he has failed to present a sufficient explanation as to why he is not disabled within the meaning of the ADA in light of his claim of total disability for purposes of obtaining Social Security Disability Insurance benefits. Hardin County has filed a cross-appeal asserting additional grounds upon which the district court could have granted summary judgment. For the reasons stated, we affirm the order of the district court, and we dismiss the cross-appeal.[2]

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1331. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

The following is a brief summary of the undisputed background facts. See slip op. at 2-4. On July 10, 1995, Lloyd began working for the Hardin County Secondary Road Department. The duties of his job included locating and replacing broken drainage tiles ("tiling") during the summer months, and clearing snow from gravel roads with a road maintainer ("maintaining") and cutting brush out of ditches with a chainsaw ("ditch clearing") during the winter months.

On October 8, 1995, Lloyd suffered a non-work-related accident when he fell from a second-story porch and injured his spinal cord. As a result, Lloyd has no feeling below the knees and only partial feeling in his upper legs. He walks with leg braces

---

[2]Because Hardin County merely asserts in its cross-appeal additional grounds upon which the district court's order arguably could be affirmed, those arguments are responsive to Lloyd's appeal and should not have been styled as a separate cross-appeal.

and forearm crutches and is capable of walking for 10 to 15 minutes, for a maximum of 100 to 200 feet.

The parties met on January 5, 1996, at Lloyd's place of employment, the Hardin County "shop," to see if modifications to the road maintainer would be possible to allow Lloyd to climb in and drive it. On January 9, 1996, Lloyd and his treating physician, Dr. Verduyn, met with representatives of Hardin County regarding Lloyd's medical condition. At that time, Dr. Verduyn did not provide a date on which Lloyd would be released to work, despite the parties' anticipation that he would.

On February 7, 1996, Lloyd was at the Hardin County shop for a visit when one of his leg braces collapsed, causing him to fall. That incident was witnessed by Ken Crosser, one of Lloyd's supervisors and a distant relative, who reported it to the Hardin County Engineer, Robert Haylock. At that time, Crosser expressed concerns about the possibility that Lloyd might fall while climbing on or off the road maintainer. Two weeks later, on February 21, 1996, Haylock wrote a letter to Lloyd terminating his employment.

Since April 1996, Lloyd and his family have been receiving Social Security disability benefits. Lloyd applied for the benefits in October 1995, asserting in his application that he is totally disabled and unable to work.

Lloyd filed the present action under the ADA, and Hardin County moved for summary judgment arguing, among other things, that Lloyd could not, as a matter of law, perform the essential functions of his job with or without reasonable accommodations. Lloyd admitted that he could not perform the summer tiling work and made no contention that he could perform the winter ditch clearing work. However, Lloyd resisted the summary judgment motion on the basis that he could drive a modified road maintainer year-round, and such a job would constitute a reasonable accommodation. The district court disagreed.

-3-

The district court held that, while some job restructuring is a potential accommodation under the ADA, Hardin County could not reasonably be required to take actions such as hiring a new employee or reassigning existing employees to perform essential functions of Lloyd's job. See id. at 5-8 (citing, e.g., Mole v. Buckhorn Rubber Products, Inc., 165 F.3d 1212, 1218 (8th Cir.) ("An employer is not required to hire additional employees or redistribute essential functions to other employees."), cert. denied, 120 S. Ct. 65 (1999); Moritz v. Frontier Airlines, Inc., 147 F.3d 784, 788 (8th Cir. 1998) (employer not required to reassign existing workers)). The district court also addressed Hardin County's argument that Lloyd was not, as a matter of law, a "qualified individual with a disability" because his disability posed a "direct threat" to the health or safety of himself or others. See 42 U.S.C. § 12113(b). The district court reasoned, based upon the absence of medical or other objective evidence in the record, that Hardin County was not entitled to summary judgment on that particular basis. See slip op. at 8-9 (quoting 29 C.F.R. § 1630.2) (determination of whether an individual poses a "direct threat" to himself or others under 42 U.S.C. § 12113(b) "shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence."). Finally, the district court considered the relevance of Lloyd's application for Social Security disability benefits, which he and his family had been receiving since April 1996. Hardin County argued that, based upon Lloyd's prior claim of total disability, Lloyd was judicially estopped from asserting that he was a "qualified individual with a disability," capable of performing his job with a reasonable accommodation. The district court noted that the Eighth Circuit has rejected such a *per se* judicial estoppel approach and has instead held that a plaintiff may, for purposes of an ADA claim, resist a motion for summary judgment, despite a prior representation of total disability, by presenting "strong countervailing evidence" that he or she is in fact qualified to perform the essential functions of his or her job. See id. at 10 (quoting Downs v. Hawkeye Health Servs. Inc., 148 F.3d 948, 951 (8th Cir. 1998), among other cases). Absent such "strong

countervailing evidence," the district court reasoned, "prior representations of total disability will generally carry sufficient weight to grant summary judgment against the plaintiff." Id. (citing Dush v. Appleton Co., 124 F.3d 957, 963 (8th Cir. 1997)). The district court then opined that its decision was consistent with the Supreme Court's more recent pronouncement on this issue in Cleveland v. Policy Management Sys. Corp., 119 S. Ct. 1597 (1999) (Cleveland) (vacating appellate court's affirmance of summary judgment for employer and remanding for further proceedings). See slip op. at 11.[3] Noting that "Lloyd has presented no explanation, let alone an explanation 'sufficient to withstand summary judgment,'" the district court concluded that summary judgment for Hardin County was appropriate in the present case. Id.

Judgment for Hardin County was entered in the district court on June 3, 1999, and Lloyd timely appealed.

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See

---

[3]In Cleveland v. Policy Management Sys. Corp., 119 S. Ct. 1597, 1604 (1999), the Supreme Court stated:

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of [his or] her job, with or without "reasonable accommodation."

Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

We have carefully reviewed the record in the present case and the parties' arguments on appeal. It is undisputed that Lloyd cannot perform the tiling work which was his job during the summer months or the ditch clearing work which was part of his job during the winter months. There can be no *genuine* factual dispute that these were essential functions of Lloyd's job, notwithstanding his claim that they need not be. See slip op. at 6-7 (quoting written description of job requirements provided to Lloyd at time of hire). Accordingly, Lloyd cannot, as a matter of law, perform one or more of the essential functions of his job, with or without reasonable accommodation.

Lloyd nevertheless argues that he could operate a modified road maintainer year-round. Such a restructured job, he argues, represents a reasonable accommodation of his former job. In support of this argument, Lloyd alleges that Haylock at one point offered him such a restructured job, then rescinded the offer. In response to this assertion, Hardin County maintains that Haylock made no such job offer to Lloyd; rather, Haylock merely engaged in the interactive process contemplated by the ADA. See Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944, 951-54 (8th Cir. 1999) (Fjellestad) (discussing interactive process under the ADA).

Regardless of whether Lloyd was offered the restructured position he now describes, we hold that his employer, Hardin County, cannot be required *under the ADA* to provide him with such a position – because that would necessarily entail reallocating one or more of the essential functions of Lloyd's job, which he cannot perform with or without reasonable accommodation. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112-13 (8th Cir. 1995) ("An employer need not reallocate the essential functions of a job, which a qualified individual must perform."); see also Fjellestad, 188 F.3d at 954 ("We must emphasize . . . that by requiring the employer to engage in the interactive process, we do not hold that any particular

accommodation must be made by the employer. The employee still carries the burden of showing that a particular accommodation rejected by the employer would have made the employee qualified to perform the essential functions of the job.").

Moreover, Lloyd must additionally overcome the presumption created by his prior allegation of total disability for purposes of obtaining Social Security disability benefits. Lloyd offers one, and only one, explanation for the apparent inconsistency between his prior allegation of total disability and his ADA claim. Lloyd again argues that "he would be able to operate a [road] maintainer grading County roads or plowing snow from County roads." Brief for Appellant at 8. That reasonable accommodation, he argues, was not considered for purposes of his disability benefits application. See id.

As we have stated, the restructured job proposed by Lloyd would necessarily entail reallocating one or more of the essential functions of Lloyd's job, which he cannot perform with or without reasonable accommodation. Therefore, Lloyd has failed to provide an explanation "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or [Lloyd's] good faith belief in, the earlier statement, [Lloyd] could nonetheless 'perform the essential functions' of [his] job, with or without 'reasonable accommodation.'" Cleveland, 119 S. Ct. at 1604. Accordingly, Lloyd's only proffered explanation for his inconsistent assertions fails to overcome the presumption, created by his prior allegation of total disability, that he is not a qualified individual within the meaning of the ADA.

In sum, the district court did not err in granting summary judgment in favor of Hardin County. The order of the district court is affirmed. Having decided the appeal in Hardin County's favor, we need not consider the arguments set forth in the so-called "cross-appeal." See supra note 2. Hardin County's cross-appeal is dismissed as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.