# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2094EM

_____

Michael Lane,                        *

                            *

          Appellant,            *

                            *    On Appeal from the United

     v.                         *    States District Court for

                            *    the Eastern District of

                            *    Missouri.

BFI Waste Systems of North America,    *

                            *

          Appellee.            *

_____

Submitted: March 15, 2001

Filed: July 16, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
     Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

       Michael Lane appeals the District Court 's[1] order granting summary judgment in favor of the defendant, Browning-Ferris Industries Waste Systems of North America, Inc. (BFI).  Mr. Lane filed suit against BFI claiming disability discrimination in

_____

[1]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12217. We affirm.

## I.

Mr. Lane was a front-end loader for BFI when he sustained a back injury. He received medical treatment for the injury and continued to work. Approximately two years later, Mr. Lane re-injured his back while on the job and took three months of medical leave. Because of his injured back, Mr. Lane was no longer able to climb in and out of large garbage trucks. Consequently, Mr. Lane returned to BFI as a dispatcher. He was later diagnosed with a herniated and ruptured disc and underwent back surgery. After a three-month medical leave, Mr. Lane returned to his dispatcher position under various temporary restrictions limiting his ability to lift, bend, and stand. These restrictions were later removed, but he was permanently restricted from lifting more than 50 pounds. Mr. Lane also worked as a route auditor, for which BFI provided him with a pick-up truck, and he worked on a computerized mapping and routing system referred to as "MARS."

In August of 1996, Mr. Lane was involved in an accident in his personal vehicle. He broke his wrist and pelvis. In November of 1996, his doctor released him to return to work. BFI informed Mr. Lane that MARS was no longer operational and conditionally offered him a position as route auditor.[2] The route auditor position had changed in Mr. Lane's absence, and route auditors were now required to use the large garbage trucks. BFI conditioned Mr. Lane's return to the route auditor position on his ability to pass a return-to-work physical.

In December of 1996, Mr. Lane saw Dr. Jamuna Arekapudi. After examining Mr. Lane and reviewing the job description for route auditor, Dr. Arekapudi determined

---

[2]Subsequently, BFI re-implemented a different mapping and routing system.

that he was physically unable to perform the position's essential duties, such as frequent "stooping, kneeling, crouching, crawling, and entering and exiting large refuse vehicles." Joint Appendix (J.A.) 134. Dr. Arekapudi also determined that Mr. Lane would have difficulty standing, walking, reaching with his hands, and climbing on an occasional basis. Mr. Lane requested the use of the pick-up truck so he would not have to climb in and out of the large garbage trucks, but BFI informed him that the pick-up truck was no longer available.

Subsequently, Mr. Lane requested that he be able to return to his position as a dispatcher; however, BFI informed him that there were no dispatcher positions available in his district. When Mr. Lane requested the position of a retiring dispatcher in another district, the BFI-North facility, BFI claimed it could not place Mr. Lane in that position because it had a long standing policy or preference to fill vacant positions with employees from within the district before seeking employees from outside it. Mr. Lane was placed on temporary unpaid leave. Subsequently, BFI filled the dispatcher position with two part-time employees from within the district. In March of 1997, Mr. Lane applied for, and eventually received, long term disability benefits from the Social Security Administration (SSA). In his SSA application he stated, and the SSA found, that he was unable to engage in any substantial work. BFI terminated Mr. Lane's employment in December of 1997.

Mr. Lane filed this suit against BFI claiming disability discrimination in violation of the ADA. BFI filed a motion for summary judgment. The District Court granted BFI's motion after holding that Mr. Lane failed to establish a prima facie case. The Court held that there was no genuine issue of material fact as to whether Mr. Lane was disabled under the Act because he failed to provide sufficient evidence that he was substantially limited in any major life activity. Moreover, the Court held that Mr. Lane had not provided sufficient evidence that he was a qualified individual under the ADA for the following reasons: (1) he offered "no strong countervailing evidence" that he was able to perform the essential functions of the route auditor position in light of his

statements of disability to the SSA, (2) even with a reasonable accommodation he could not perform the essential functions of the route auditor position, (3) reassignment to another position was not a reasonable accommodation where such reassignment directly conflicted with BFI's legitimate nondiscriminatory policy, and (4) Mr. Lane failed to offer evidence that he possessed the skill, experience, education, and other job-related requirements to work the new MARS system. This appeal followed.

## II.

The ADA prohibits discrimination against a "qualified individual with a disability." 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA, a plaintiff must show that: (1) he was disabled within the meaning of the ADA; (2) he was qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. Taylor v. Nimock's Oil Co., 214 F.3d 957, 959-60 (8th Cir. 2000); see generally 42 U.S.C. § 12112. In order for a plaintiff to establish that he is disabled under the ADA, he must show that he has "a physical or mental impairment that substantially limits one or more of the major life activities . . .." 42 U.S.C. § 12102(2). In order to establish that he is a "qualified individual" within the meaning of the ADA, a plaintiff must show he is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

On appeal, Mr. Lane argues that the District Court erred in granting summary judgment because there were genuine issues of material fact as to whether he was a qualified individual with a disability under the Act and whether BFI failed to make a reasonable accommodation. Mr. Lane asserts he presented sufficient evidence that he was a qualified individual for the position of dispatcher because he had previously performed the job, and the only accommodation he needed to perform the essential functions of the job was a comfortable chair. However, BFI asserts that Mr. Lane was

not a qualified individual because he failed to address the discrepancy between his assertion that he was able to perform the essential functions of the dispatcher position and his claim of disability in his social-security application. We agree.

Statements to the SSA to secure disability benefits do not automatically preclude a successful suit under the ADA, nor is there "a special legal presumption" against such a suit brought by a person who has successfully applied for social-security disability benefits. Cleveland v. Policy Mgmt. Sys., 526 U.S. 795, 805 (1999). However, where an employee has sworn in an application for disability benefits that he is unable to work at any job, he must proffer a sufficient explanation "to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of [his] job, with or without 'reasonable accommodation.' " 526 U.S. at 807; see Lloyd v. Hardin County, Iowa, 207 F.3d 1080, 1084 (8th Cir. 2000). Cleveland was decided after the District Court entered judgment. Consequently, Mr. Lane requests we remand the case to the District Court to allow him to make the sufficient showing under Cleveland. In the alternative, Mr. Lane argues that the two contradictory statements can be easily reconciled by looking at the record.

We decline to remand the case to the District Court. Even though Mr. Lane did not have the guidance of Cleveland below, he was required by then-existing case law to provide evidence to reconcile his seemingly contradictory statements. Although not controlling on appeal,[3] at the time Mr. Lane's case was heard by the District Court, this Court's cases held that where a plaintiff has made "representations of total disability

---

[3]When the United States Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993).

during the relevant period, a district court properly enters summary judgment against him unless the plaintiff has presented '*strong countervailing evidence*' " that he is in fact qualified to perform the essential functions of the job. <u>Downs v. Hawkeye Health Serv., Inc.</u>, 148 F.3d 948, 951 (1998) (emphasis ours) (quoting <u>Dush v. Appleton Elec. Co.</u>, 124 F.3d 957, 963 (8th Cir. 1997)).

After reviewing the record, we hold that Mr. Lane proffered no evidence below to harmonize his inconsistent statements. The only explanation advanced by Mr. Lane before the District Court was that he filed for SSA benefits because it was required by his insurance company. J.A. 121. This statement explains only his motivation for applying for SSA benefits. It does not explain or even address how, in light of his assertions of disability, he was, in fact, qualified to perform the essential functions of the dispatcher position.

In his Reply Brief, Mr. Lane does offer this Court an explanation for the contradictory statements. He asserts that when he filed his application for SSA benefits he had been injured in a car accident, placed on temporary medical leave, restricted from performing the route auditor position by Dr. Arekapudi, and then fired by BFI. Reply Brief 13-14. Therefore, according to Mr. Lane, it should not be "surprising that [he] concluded he was unable to work due to his restrictions." <u>Id</u>. Furthermore, asserts Mr. Lane, the record is unclear as to whether he learned of the vacant dispatcher position at the BFI-North facility before or after he applied to the SSA. Therefore, "[a] reasonable inference can be drawn that [Mr. Lane] did not know about the availability of a position that he could perform until after he applied for Social Security benefits." <u>Id</u>.

These explanations are not factually supported by the record. Plaintiff had not been terminated by BFI at the time he applied for SSA benefits. He applied for SSA benefits in March of 1997, but he was terminated in December of 1997. Likewise, in his deposition, Mr. Lane testified that he made his first request for the vacant dispatcher

position in the BFI-North facility in December of 1996. J.A. 107. Thus, when Mr. Lane applied for SSA benefits and asserted his disability, he was aware of, and had already requested, the dispatcher position at the BFI-North facility. Therefore, there is no explanation in the record "to warrant a reasonable juror's concluding that, assuming the truth of, or [Mr. Lane's] good faith belief in, the earlier statement, [he] could nonetheless perform the essential functions of [his] job." Cleveland, 526 U.S. at 807 (internal quotations omitted). Mr. Lane "cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim" and his assertions in this suit. Id. at 806.

## III.

Because this issue is decisive, we do not reach Mr. Lane's other assignments of error on appeal. Accordingly, we hold that the District Court did not err in granting summary judgment to BFI. We express our thanks to appellant's appointed counsel for his excellent service to his client.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.