# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-3694/01-2379

_____

| | |
|---|---|
| Clarice P. Seko, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeals from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Boeing/McDonnell Douglas, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: July 6, 2001
Filed: July 16, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Clarice Seko appeals the District Court's[1] adverse grant of summary judgment in her employment discrimination action, and its denial of her motion to stay the award of costs to appellee pending the outcome of this appeal. As relevant to this appeal, Seko alleged that the Boeing Company, formerly McDonnell Douglas Corporation, recalled her in October 1997 during a layoff and then unlawfully placed her on medical leave. She claimed that Boeing's action violated the Americans

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

with Disabilities Act (ADA) and Title VII, because Boeing ignored her requests for reasonable job accommodations and retaliated against her for filing previous lawsuits. Having conducted a de novo review, see Lloyd v. Hardin County, Iowa, 207 F.3d 1080, 1084 (8th Cir. 2000), we affirm.

We agree with the District Court that Seko failed to present a prima facie case under the ADA. See Hennenfent v. Mid Dakota Clinic P.C., 164 F.3d 419, 421-22 (8th Cir. 1998) (stating that one element of prima facie ADA case is that employee is qualified to perform essential job functions with or without reasonable accommodation). Further, assuming, as did the District Court, that she established a causal connection between the decision to place her on medical leave and her prior lawsuits, she failed to present evidence showing that Boeing's proffered legitimate non-discriminatory reason for placing her on such leave—her inability to return to a job requiring the use of power tools, given her medical condition—was pretextual. See Scroggins v. Univ. of Minn., 221 F.3d 1042, 1045 (8th Cir. 2000) (holding that even if employee established prima facie case of retaliation, he produced no evidence challenging employer's reason for firing him).

We decline to address the new arguments Seko raises on appeal, see Von Kerssenbrock-Praschma v. Saunders, 121 F.3d 373, 378 (8th Cir. 1997), and we find no abuse of discretion in the Court's denial of her motion to compel. See In re Mo. Dep't of Natural Res., 105 F.3d 434, 435-36 (8th Cir. 1997) (standard of review). Based on our disposition of Seko's challenge of the adverse grant of summary judgment, the issue as to the propriety of the Court's denial of her motion to stay is moot.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.