# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3732

_____

| | | |
|---|---|---|
| Gerald Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Gray, Correctional Officer; Rucker, | * | |
| Correctional Officer; Harkins, | * | [PUBLISHED] |
| Correctional Officer, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 6, 2001
Filed: August 7, 2001

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Gerald Smith appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against three correctional officers. Smith claimed the officers failed to protect him from an assault by another inmate, and violated his due process rights by failing to follow administrative regulations.

_____

[1]The late Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

Inmates in the administrative segregation unit in which Smith was housed became upset over not receiving clean linens, and created a flood in the unit in protest. Smith was ordered out of his cell to mop up the water. While he mopped, other inmates kicked and banged on their cell doors and threatened Smith, because he was defeating their tactics. As Smith mopped, the defendants opened the cell door of another inmate, without first placing the inmate in restraints, and the inmate attacked Smith with a sharp instrument, causing injuries that required medical care and stitches.

The District Court granted summary judgment to the defendants based on qualified immunity, concluding that Smith had not presented evidence that the defendants were aware of any risk posed to Smith, and that the defendants responded reasonably to the situation when the attack occurred.

After de novo review of the record and the parties' briefs, see Thomas v. Gunter, 103 F.3d 700, 702 (8th Cir. 1997), we conclude that the District Court properly granted summary judgment to the defendants, because Smith's evidence did not show that the officers knew that allowing the unrestrained inmate out of his cell presented a significant risk to Smith. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[O]fficial's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment"); Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (holding that inmate must show a "pervasive risk sufficient to put prison officials on notice of imminent harm or danger" in order to establish an Eighth Amendment claim and that "a 'pervasive risk' is something more than a single incident and something less than a riot.").

We conclude Smith's due process argument also fails. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (holding that inmate did not state a claim by asserting that the State failed to follow its own procedural rules and further holding that the Due Process Clause does not federalize state-law procedural requirements).

Accordingly, we affirm the judgment of the District Court.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent from the court's conclusion that the district court correctly granted summary judgment on Mr. Smith's claim that the defendants failed to protect him from assault. In view of the fact that inmates were registering their disapproval of Mr. Smith's actions in a threatening and vociferous manner, a reasonable jury could conclude that the defendants knew of the risk that an unrestrained inmate would pose to Mr. Smith. The court's action in affirming the judgment of the district court deprives Mr. Smith of his right to have disputed facts resolved by a jury.

I would therefore reverse the judgment of the district court and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.