# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3535

———————

Eddie Risdal,

      Appellant,

v.

Louis Galloway; David Tadman; Walter
Kautzky,

      Appellees.

\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.

\*   [UNPUBLISHED]

———————

Submitted: June 1, 2004

Filed: June 9, 2004

———————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Iowa inmate Eddie Risdal appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, see Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001) (standard of review), we agree with the district court that Risdal failed to create any trialworthy issues

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

regarding his failure-to-protect claim, see Smith v. Gray, 259 F.3d 933, 934 (8th Cir. 2001) (per curiam) (prison official's failure to alleviate significant risk that should have been, but was not, perceived cannot be infliction of punishment); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in party's favor on more than just speculation); and that he failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act. We also conclude that the district court did not abuse its discretion in denying Risdal's motion to compel, see In re Mo. Dep't of Nat. Res., 105 F.3d 434, 435 (8th Cir. 1997) (scope of review of discovery orders is narrow and deferential); in placing defendant Galloway's affidavit and its attachments under seal, cf. Meyer Goldberg, Inc. v. Fisher Foods, Inc., 823 F.2d 159, 161 (6th Cir. 1987) (request to lift or modify order sealing documents is left to sound discretion of trial court); or in denying appointed counsel, see Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995) (standard of review; discussing factors). Finally, we reject Risdal's contentions concerning judicial bias, as adverse rulings alone are not grounds for bias or partiality motions. See Lefkowitz v. City-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

-2-