# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 22-3190

———————————————

Marvel Jones

*Plaintiff - Appellee*

v.

Nebraska Department of Correctional Services

*Defendant - Appellant*

Unknown and unnamed persons, Director of Nebraska Department of Correctional Services; Unknown and unnamed persons, Director I of Nebraska Department of Correctional Services; Unknown and unnamed persons, Director II of Nebraska Department of Correctional Services; Unknown and unnamed persons, Associate Director of Nebraska Department of Correctional Services

*Defendant*s

Tecumseh State Correctional Institution

*Defendant - Appellant*

Unknown and unnamed persons, Warden of Tecumseh State Correctional Institution; Unknown and unnamed persons, Deputy Warden of Tecumseh State Correctional Institution; Unknown and unnamed persons, Associate Warden of Tecumseh State Correctional Institution; Unknown and unnamed persons, Librarian of Tecumseh State Correctional Institution; Unknown and unnamed persons, Warden of Nebraska State Penitentiary

*Defendant*s

Nebraska State Penitentiary

*Defendant - Appellant*

Unknown and unnamed persons, Associate Warden of Nebraska State Penitentiary;
Unknown and unnamed persons, Deputy Warden of Nebraska State Penitentiary;
Librarian of Nebraska State Penitentiary

*Defendant*s

Omaha Correctional Center

*Defendant - Appellant*

Unknown and unnamed persons, Warden of Omaha Correctional Center; Unknown
and unnamed persons, Associate Warden of Omaha Correctional Center; Unknown
and unnamed persons, Deputy Warden of Omaha Correctional Center; Unknown
and unnamed persons, Librarian of Omaha Correctional Center

*Defendant*s
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: December 15, 2023
Filed: June 5, 2024
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Marvel Jones, acting *pro se*, filed a civil rights complaint against the Nebraska
Department of Correctional Services ("NDCS"), Nebraska State Penitentiary,
Tecumseh State Correctional Institution, the Omaha Correctional Center

(collectively, "the correctional facilities"), and several unnamed individuals. Jones claimed that the policies of the institutions and the actions of the individuals obstructed his right to legal assistance and unlawfully limited his ability to access the courts while he was incarcerated. The district court granted the correctional facilities' motion to dismiss, but conditioned NDCS's dismissal on its compliance with a disclosure directive. NDCS appeals, arguing the district court's order violates sovereign immunity. We reverse in part.

Jones is civilly committed at Norfolk Regional Center in Nebraska. He commenced this action claiming NDCS's law library policies, which prohibit prison librarians and legal aides from assisting inmates in conducting legal research, giving advice on the law, providing advice on filing, preparing written documents, or retaining the inmate's legal documents, implicate his federal rights by preventing him from successfully challenging his conviction and sentence. The complaint named various defendants, including NDCS, the correctional facilities where he was held, and unnamed individuals in the facilities who upheld or enforced the library policies. Before he filed his complaint, Jones wrote to the NDCS human resources department seeking the names and addresses of the individuals listed as unnamed defendants. NDCS did not respond.

All named defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Jones's claims were barred by sovereign immunity and by the applicable statutes of limitations. Even though he did not represent the unnamed individual defendants, the Attorney General sought the dismissal of the unnamed individual defendants for the same reasons and because Jones had failed to allege any direct or personal involvement by the unnamed individuals.

The district court granted the named defendants' motion, finding that Jones's claims against the correctional facilities and the individual defendants in their official capacities were barred both by sovereign immunity and the applicable statutes of limitations. The district court did not dismiss the claims against the

-3-

unnamed individual defendants in their individual capacities because Jones was acting *pro se*, was not a prisoner, and was not proceeding *in forma pauperis*, which deprived the court of the power to screen under 42 U.S.C. § 1915. Instead of dismissing NDCS from the action, the district court conditionally dismissed the case against NDCS and required it provide Jones with the requested names and addresses of the unnamed defendants. NDCS unsuccessfully moved under Federal Rule of Civil Procedure 60(b) to amend the district court's order removing the obligation to disclose. NDCS appeals.

While Jones asserts this Court lacks jurisdiction over NDCS's appeal, we have collateral order jurisdiction because the district court's order conclusively determined an issue separate from the merits and the issue raised on appeal by NDCS is not subject to effective review on an appeal from a final judgment. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (specifying certain collateral rulings that are considered final decisions under 28 U.S.C. § 1291). Typically, a party only has a right to appeal an adverse judgment, Marino v. Ortiz, 484 U.S. 301, 304 (1988), but placing a condition on sovereign immunity and requiring NDCS to wait until the case has been litigated imperils NDCS's interest in its immunity to a degree sufficient to fall into the small category of collateral rulings that may be considered final for purposes of § 1291. See Fant v. City of Ferguson, 913 F.3d 757, 759 (8th Cir. 2019); see also Van Wyhe v. Reisch, 581 F.3d 639, 647-48 (8th Cir. 2009) (noting that collateral order jurisdiction encompasses closely related legal issues that are inextricably intertwined with the district court's determination on immunity).

Turning to the specific claims raised by NDCS, the district court found Jones's claims against the correctional facilities and the unnamed defendants in their official capacities were barred by sovereign immunity. Rather than *sua sponte* dismissing the individual capacity claims alleged against the unnamed defendants, the district court, relying on Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985), ordered NDCS to disclose the identity and address of the unnamed defendants consistent with Jones's pre-suit request. We recognize that Jones and the district court face

difficulties in managing this case which involves a plaintiff who, while civilly committed, is not imprisoned, is *pro se*, and is proceeding *in forma pauperis*. But sovereign immunity limits a judge's authority to act in a way that requires NDCS to remain in the case. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) ("[T]he fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III."). Once the district court concluded that NDCS was entitled to sovereign immunity, it lacked authority to hold NDCS in as a litigant, even on a relatively minor disclosure condition.

Recognizing the problem, Jones tries to recast the order as a discovery directive on appeal. But Jones took no action to acquire the information after he commenced his suit. Without a motion or discovery request, the court had nothing before it upon which it could act. See McGehee v. Neb. Dep't of Corr. Servs., 968 F.3d 899, 900 (8th Cir. 2020), vacated as moot, 987 F.3d 785 (8th Cir. 2021). While we are sympathetic to the district court's obvious intention to streamline the process of discovery and frame the case for quicker resolution, conditioning dismissal on disclosure violates NDCS's sovereign immunity.

We reverse and vacate the portion of the district court's order that conditioned NDCS's dismissal on its disclosure of the identities and addresses of the unnamed defendant employees and remand for further proceedings consistent with this opinion.

MELLOY, Circuit Judge, concurring.

I concur in the disposition of this case because Jones took no action to file a motion or discovery request prior to the district court dismissing the Nebraska Department of Correctional Services. I write separately, however, to note that we have held that sovereign immunity does not shield a government entity from discovery or a subpoena duces tecum. See, In re Mo. Dep't of Nat. Res., 105 F.3d 434, 436 (8th Cir. 1997). As the majority opinion notes, Jones did request the Nebraska Department of Corrections to provide the names and addresses of the

unknown persons prior to filing suit. The department did not respond to that informal request. Had Jones followed up with a formal discovery request and/or a subpoena duces tecum to the department, it very well may have been required to respond and would not have been shielded by Eleventh Amendment sovereign immunity.

_____