**Sean BECK, by his parent and next friend Marlene BECK, Appellee,**

**v.**

**MISSOURI STATE HIGH SCHOOL AC- TIVITIES ASSOCIATION, an unincor- porated voluntary association, Appel- lant.**

**No. 93–4118.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1994.

Decided March 10, 1994.

Counsel who represented the appellant was J. Robert Tull of Columbia, MO.

Counsel who represented the appellee was Daniel K. Barklage and Marlaine Hagemeier of St. Charles, MO.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

PER CURIAM.

On January 25, 1993, sophomore Sean Beck transferred from a public high school to a nonpublic high school. Both schools are members of the Missouri State High School Activities Association. Section 238.3 of the Association's bylaws provides that students who transfer are ineligible to participate in interscholastic sports for one year unless one of the bylaw's stated exceptions applies. Beck was declared ineligible to represent his new nonpublic school on its varsity basketball team for one year under section 238.3. Beck, through his parent, brought this lawsuit against the Association seeking injunctive and declaratory relief, contending the bylaw violates the First and Fourteenth Amendments. The district court upheld the bylaw's one-year transfer rule, but held the bylaw's exemption for transfers from nonpublic to public schools violates the Equal Protection Clause. *Beck v. Missouri State High Sch. Activities Ass'n*, 837 F.Supp. 998, 1004–06 (E.D.Mo.1993). The district court thus struck down only the exemption. *Id.* at 1006. The Association appeals. We dismiss the appeal, vacate the district court's order and judgment, and remand with instructions to dismiss the case.

Before considering the merits of the Association's appeal, we must decide whether we have jurisdiction. Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. *Arkansas AFL–CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir.1993) (en banc). "[A]n actual controversy must exist at all stages of appellate review, not merely at the time the complaint is filed." *Honig v. Doe*, 484 U.S. 305, 329, 108 S.Ct. 592, 607, 98 L.Ed.2d 686 (1988) (Rehnquist, C.J., concurring); *see Arkansas AFL–CIO*, 11 F.3d at 1435. During the course of litigation, the issues presented in a case may lose their life because of the passage of time or a change in circumstances. *Arkansas AFL–CIO*, 11 F.3d at 1435. When this happens and a federal court can no longer grant effective relief, the case is moot. *Id.* Federal courts lack power to decide moot cases. *See id.* If a case becomes moot at any stage of an appeal, we must vacate the district court's order and judgment, and remand the case with instructions to dismiss. *United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950); *Epp v. Kerrey*, 964 F.2d 754, 756 (8th Cir.1992).

Since Beck brought this lawsuit, more than a year has passed and he is now eligible to play varsity basketball at his nonpublic high school. Beck and the Association concede this case no longer has any meaning for Beck, but assert we should decide the merits of the case because the constitutionality issue is "capable of repetition yet evading

review." This exception to the mootness doctrine allows us to decide an otherwise moot case when the challenged action's length is too short to be fully litigated before its end and there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Arkansas AFL–CIO,* 11 F.3d at 1435. The exception does not apply merely because the issues might recur in another case without the same complaining party. *Id.* Instead, there must be a reasonable expectation that the offending event, here, application of the transfer rule, will recur with respect to the same complaining party. *Id.* To raise a reasonable expectation, the parties must show a demonstrated probability of recurrence; a theoretical possibility is insufficient. *McFarlin v. Newport Special Sch. Dist.,* 980 F.2d 1208, 1211 (8th Cir.1992).

■■■ At oral argument, the Association asserted the constitutionality of the transfer rule could arise again in cases involving other students unrelated to Beck. This does not satisfy the same-complaining-party requirement. Beck argued the issue could arise again concerning the same complaining party—Beck's parent—because Beck has a younger brother in junior high school. In support of this proposition, Beck cited *Walsh v. Louisiana High School Athletic Association,* 616 F.2d 152, 157 (5th Cir.1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981). In *Walsh,* the Fifth Circuit held the court could reasonably expect the same complaining party would face a certain transfer rule again because the plaintiff parents had other children in elementary and junior high schools who would eventually attend the high school involved and thus be subjected to the transfer rule when they crossed district lines. *Id.*

On the record before us, we cannot reasonably expect the transfer rule will be applied to Beck's brother. Beck's attorney merely stated at oral argument that she "believe[d]" Beck's parent has a younger son in public school and it is "possible" Beck's parent could bring the same action. Unlike the situation in *Walsh,* Beck's attorney did not state that Beck's brother would transfer like Beck, triggering the transfer rule. The speculative statements of Beck's attorney are insufficient to support a reasonable expectation that Beck's brother will be subjected to the transfer rule. *See McFarlin,* 980 F.2d at 1211. Beck has shown only a theoretical possibility of recurrence, not the demonstrated probability required. *See id.* We thus conclude Beck's case does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine. Because this case is now moot, we dismiss the appeal, vacate the district court's order and judgment, and remand with instructions to dismiss the case.