_____

No. 96-2611
_____

Billy Grisso,                         *
                                      *
         Appellant,                   *
                                      *
    v.                                *
                                      *
Regional 7 Director, Social           *   Appeal from the United States
Security Administration;              *   District Court for the
Regional 7 Commissioner,              *   Western District of Missouri.
Social Security Administration;       *
Joseph R. Muffolett, Director,        *
Social Security Administration,       *     [UNPUBLISHED]
Office of Disability and              *
International Operations; Donna        *
E. Shalala,                           *
                                      *
         Appellees.                   *

_____

Submitted:  January 21, 1997

Filed:  January 30, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY, Circuit Judges.
_____

PER CURIAM.

Billy Grisso appeals from the district court's order dismissing his mandamus action for lack of subject matter jurisdiction. Grisso sought a writ of mandamus to compel consideration of his pending administrative appeal for benefits under 42 U.S.C. § 402(x)(1) (1993) (amended 1994) (individual confined in jail for felony not entitled to monthly benefits unless participating in rehabilitation program approved by court of law and Secretary). We note the district court had subject matter jurisdiction to consider Grisso's request for mandamus relief under

28 U.S.C. § 1361, see Linquist v. Bowen, 813 F.2d 884, 887 n.12

(8th Cir. 1987) (mandamus relief is appropriate in Social Security case when dispute involves collateral issue unrelated to outcome of eligibility determination); however, during the pendency of this appeal, the agency awarded his requested benefits. Therefore, we dismiss this appeal, vacate the district court's order and judgment, and remand the case with instructions to dismiss. <u>See</u> <u>Beck v. Missouri State High Sch. Activities Ass'n</u>, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) (federal courts lack power to decide moot cases).

Finally, because Grisso's remaining motions are also moot, we do not address them.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.