106 F.3d 405
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Billy GRISSO, Appellant,
v.
REGIONAL 7 DIRECTOR, SOCIAL SECURITY ADMINISTRATION;
Regional 7 Commissioner, Social Security Administration;
Joseph R. Muffolett, Director, Social Security
Administration, Office of Disability and International
Operations; Donna E. Shalala, Appellees.
 No. 96-2611.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 21, 1997.
Filed Jan. 30, 1997.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Billy Grisso appeals from the district court's order dismissing his mandamus action for lack of subject matter jurisdiction. Grisso sought a writ of mandamus to compel consideration of his pending administrative appeal for benefits under 42 U.S.C. § 402(x)(1) (1993) (amended 1994) (individual confined in jail for felony not entitled to monthly benefits unless participating in rehabilitation program approved by court of law and Secretary). We note the district court had subject matter jurisdiction to consider Grisso's request for mandamus relief under 28 U.S.C. § 1361, see Linquist v. Bowen, 813 F.2d 884, 887 n. 12 (8th Cir.1987) (mandamus relief is appropriate in Social Security case when dispute involves collateral issue unrelated to outcome of eligibility determination); however, during the pendency of this appeal, the agency awarded his requested benefits. Therefore, we dismiss this appeal, vacate the district court's order and judgment, and remand the case with instructions to dismiss. See Beck v. Missouri State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (per curiam) (federal courts lack power to decide moot cases).
 
 
 2
 Finally, because Grisso's remaining motions are also moot, we do not address them.