**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 97-3780

---

Michael C. Liddell, a minor, by
Minnie Liddell, his mother and next
friend; Kendra Liddell, a minor,
by Minnie Liddell, her mother and next
friend; Minnie Liddell; Roderick D.
LeGrand, a minor, by Lois LeGrand,
his mother and next friend; Lois
LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and
friend; Samuel Yarber; Earline Caldwell;
Lillie Caldwell; Gwendolyn Daniels.
National Association for the
Advancement of Colored People;
United States of America; City of St.
Louis;

        Plaintiffs;

      v.

The Board of Education of the City of
St. Louis; Hattie R. Jackson, President,
Board of Education of the City of St.
Louis; Rev. Earl E. Nance, Jr., a
member of the Board of Education of
the City of St. Louis; Renni B. Shuter,
a member of the Board of Education;
of the City of St. Louis; Paula V.
Smith, a member of the Board of Educa-

Appeal from the United
States
District Court for the
Eastern District of
Missouri.

tion of the City of St. Louis; Dr. Albert
D. Bender, Sr., a member of the Board
of Education of the City of St. Louis;
Eddie G. Davis, a member of the Board
of Education of the City of St. Louis;
Dr. John P. Mahoney, a member of the
Board of Education of the City of St.
Louis; Marybeth McBryan, a member
of the Board of Education of the City
of St. Louis; Thomas M. Nolan, a
member of the Board of Education of
the City of St. Louis; William Purdy, a
member of the Board of Education of
the City of St. Louis; Robbyn G. Wahby,
a member of the Board of Education of
the City of St. Louis; Madye Henson
Whithead, a  member of the Board of
Education of the City of St. Louis;
Dr. Cleveland Hammonds, Jr., Super-
intendent of     Schools for the City of St.
Louis;                          *
                                *
     Defendants-Appellees; *
                                *
Ronald Leggett, St. Louis Collector of
Revenue;                        *
        Defendant;     *
                                *
State of Missouri; Mel Carnahan,
Governor of the State of Missouri;
Jeremiah (Jay) W. Nixon, Attorney
General; Bob Holden, Treasurer;
Richard  A. Hanson, Commissioner of
Administration; Robert E. Bartman,
Commissioner of Education; Missouri
State Board of Education, and its
members; Thomas R. Davis;   *

2

Sharon M. Williams;  Peter F. Herschend; Jacqueline D. Wellington; Betty E. Preston; Russell V. Thompson; Rice Pete Burns; William Kahn;

          Defendants-Appellees;

Special School District of St. Louis County;

          Defendant-Appellant;

Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson-Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood-Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education; Ritenour Board of Education; Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County; Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector

```
of St. Louis County "Contract Account,"      *
St. Louis County, Missouri; * The St.
Louis Career Education District;              *
                                              *
                    Defendants;               *
                                              *
St. Louis Teachers' Union, Local 420,         *
AFT, AFL-CIO;                                 *
                                              *
          Intervenor Below.     *
```

Submitted: February 25, 1998

Filed: April 28, 1998

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

The Special School District (SSD) appeals from the district court's August 14, 1997 order requiring the SSD to accept fifteen city-to-county direct transfer students under the special education plan for the 1997-98 school year. We dismiss the appeal as moot.

In 1983, the SSD, the Board of Education of the City of St. Louis (City Board), the Caldwell and Liddell plaintiffs, and the United States entered into an agreement and subsequently submitted a special education plan to the district court to settle claims involving special education services, arising from the pending desegregation litigation. The plan provided for certain students to receive special education services, teacher transfers and exchanges, grievance procedures, and the establishment of a funding

mechanism. The plan also provided for direct city-to-county transfers of students with moderate and severe disabilities who require more than 50% of their instructional time in self-contained special education classrooms. These students are designated as Phase II and Phase III students.

In 1985, after a fairness hearing, the district court approved the plan to be implemented in the 1985-86 school year. The district court noted that the SSD was not required under the plan to accept a specific number of Phase II or III direct transfer students, but provided that acceptance of students was to be decided cooperatively by the local school districts and the SSD on the basis of space availability. An added restriction was that the assignment of transfer students could not contribute to racial segregation. In the first two years under the plan, the SSD accepted only 3 Phase II direct transfer students out of over 400 applicants. For the next eight years, the SSD has accepted no Phase II or III direct transfer students while over 1,100 students have applied.

In 1995, the City Board negotiated with the SSD to accept fifteen Phase II direct transfer students for the 1995-96 school year. The SSD, however, did not enroll any direct transfer students in that year or in the 1996-97 school year. The City Board filed a motion to enforce the SSD's agreement to accept fifteen direct transfer students. The SSD argued it was not contractually obligated to accept direct transfer students during the 1997-98 school year. The SSD further argued that under the plan it was not required to accept a particular number of direct transfer students, the host district must first determine the availability of space or the appropriate special education service, and assignment could not contribute to racial segregation.

The district court rejected the SSD's arguments and concluded that the record established that the SSD had not made a good-faith effort to comply with the plan. The district court granted the City Board's motion, concluding that, although the 1995-96

agreement might no longer be binding on the SSD, it represented evidence of what would be a reasonable number of students for the SSD to accept in a given school year.

The City Board argues that because fifteen Phase II students were accepted and enrolled in the SSD for the 1997-98 school year, this appeal is moot. We agree. During oral argument, the SSD agreed that this appeal is moot as to the fifteen students. Due to educational and practical considerations, the SSD indicated it would not return the fifteen students even were we to reverse the district court's order. The order which is the subject of this appeal does not address future years. Because there is no effective relief for us to grant, we conclude this appeal is moot. See Beck v. Missouri State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6