# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3106

_____

| | | |
|---|---|---|
| In re: Search Warrants Issued in Connection with Investigation of South Central Career Center, West Plains, Missouri, | * * * * * * * | |
| _____ | | |
| Meredith Corporation, doing business as KCTV-5, | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| Movant Below - Appellant, | * * | |
| v. | * * | |
| United States of America, | * * | |
| Objector - Appellee. | * | |

_____

Submitted: December 14, 2006
Filed: June 8, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Meredith Corporation appeals the district court's[1] order dismissing its appeal from a magistrate judge's[2] ruling and denying its petition for a writ of mandamus. Meredith had unsuccessfully moved for the magistrate judge to unseal certain search warrants and related documents. Because those documents are no longer filed under seal, Meredith's appeal is moot and we vacate the district court's judgment and remand with instructions to dismiss the case.[3]

I.

In early 2006, the magistrate judge issued three search warrants in connection with a federal investigation into the West Plains, Missouri R7 Public School District's South Central Career Center. After the warrants were executed, the magistrate judge granted the government's motions to seal the warrants, applications, returns, and other

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[2]The Honorable James C. England, Chief United States Magistrate Judge for the Western District of Missouri.

[3]The government has filed a motion to supplement the record on appeal with appendices containing both unredacted and redacted copies of the search warrant documents that Meredith sought from the magistrate judge. The government has also filed a motion to substitute because it failed to include the unredacted version with its original motion. The government seeks to file Appendix B (unredacted version) under seal. Meredith Corporation opposed the first motion.

We grant the first motion in part and deny the second. The redacted version has been released by the magistrate judge, and thus granting the motion to supplement with respect to Appendix A (the redacted version) merely acknowledges the state of the record. We deny the motion to supplement the record on appeal with the unredacted version, Appendix B, because we have determined that the case is moot and the record need not be expanded. It follows, therefore, that we deny the government's motion to file Appendix B under seal.

affiliated documents, along with the sealing orders themselves. Several weeks later, Meredith Corporation, the owner and operator of KCTV-5 television station in Kansas City, filed a motion with the magistrate judge asking him to unseal the warrants and all related documents. The magistrate judge asked the government to respond, and the government opposed the motion. The magistrate judge denied the motion to unseal and also placed that order under seal.

Three days later, Meredith filed a notice of appeal to this court, which the government moved to dismiss on the ground that Meredith's only appeal right was to the district court. At our court's direction, the clerk entered an order dismissing the appeal for lack of jurisdiction. Meredith then filed a notice of appeal with the district court, along with a petition for writ of mandamus. The government urged the district court to deny Meredith's requests on the ground that Meredith had not demonstrated error by the magistrate judge. The district court denied Meredith's motion and petition as untimely under 28 U.S.C. § 636(b)(1) and Local Rule 74.1, and did not address the merits. Meredith then filed the instant appeal.

After Meredith filed its opening brief but before the government's responsive brief was due, the magistrate judge issued an order in the case bearing the numbers of the three search warrants at issue. He ordered that the "applications, affidavits, all orders, and relating documents" for the search warrants be unsealed, but that the versions "shall redact any address, telephone numbers, personal identification numbers and reference to other orders currently under seal." After the appellate briefing was completed, the magistrate judge entered a virtually identical unsealing order in this case that included the motions and orders filed herein.

II.

In its motion to unseal the search warrants and related documents, the initial pleading in this case, Meredith asked the magistrate judge to "(a) unseal the order sealing all documents concerning the search warrants at issue, and (b) unseal the underlying documents themselves or, at a minimum, hold a hearing at which members of the public and the press can be heard on the issue of whether the underlying documents should be unsealed." Following the magistrate judge's denial of the motion, Meredith filed an appeal with the district court in which it asked for reversal. In its opening brief on appeal to this court, Meredith's requested relief is that we "reverse the District Court's order finding Meredith's appeal untimely and . . . remand the case with directions to promptly rule on Meredith's request to unseal the various search warrant documents at issue. . . ."

Although the magistrate judge has not issued an order that, on its face, grants Meredith's motion, the order he has issued gives the ultimate relief Meredith requested. Meredith asked the magistrate judge and the district court to unseal the search warrants and all related documents. That has been done. Meredith asked this court to instruct the district court only to rule on its request. However, because the magistrate judge entered an order unsealing the documents, there would be no action for the district court to take. In light of this change in circumstances, we must consider whether the magistrate judge's actions have stripped us of jurisdiction to consider the merits of Meredith's appeal.

Our jurisdiction is limited under Article III of the United States Constitution to actual, ongoing cases and controversies. Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). If circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot and we have no power to decide it. Beck v. Missouri State High School Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (per curium). When a case is moot,

we do not address the merits because any opinion we would issue would be merely advisory. Haden, 212 F.3d at 469.

Meredith did not ask for relief beyond what it has obtained, and there is no further relief for us to grant.[4]  Although Meredith asserted alternative theories before the district court by appealing the magistrate judge's ruling and filing a petition for writ of mandamus (both of which were denied), the procedural posture does not affect our jurisdiction.  The case is moot.  See United States v. Brown, 250 F.3d 907, 911-12 & n.5 (5th Cir. 2001) (news media's mandamus petition seeking transcript of voir dire proceedings became moot when district court granted later motion to unseal transcript).  That does not end our inquiry, however, because we must consider whether this case fits within the exception to the mootness doctrine for cases capable of repetition, yet evading review.  Missouri ex rel. Nixon v. Craig, 163 F.3d 482, 485 (8th Cir. 1998).  The exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that Meredith will be subjected to the same action again.  Id.  Neither factor is present, and thus the exception does not apply.

---

[4]At oral argument, Meredith's counsel asserted that the case cannot be moot until the unsealed documents are released in their complete, unredacted form.  That is incorrect.  Meredith asked the magistrate judge to unseal the documents.  That has been done.  If Meredith takes issue with the redaction ordered by the magistrate judge, it can pursue the matter with the magistrate judge.  We will not consider it in the first instance.  See State of South Dakota v. Hazen, 914 F.2d 147, 149-50 (8th Cir. 1990) ("Federal judicial power cannot be called upon to decide any issues in a moot case, even if they are collateral to the merits."); United States v. Holmes, 794 F.2d 345, 352 (8th Cir. 1986) ("If a case is moot, federal judicial power is at an end, and we have no right to address other issues. . . .").

Under the established practice, we vacate the district court's order and judgment and remand to the district court with instructions to dismiss the case. <u>Beck</u>, 18 F.3d at 605.

_____