# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3991

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Robert J. Rima, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: October 19, 2007
Filed: December 19, 2007

———————

Before BYE, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

This action originated when the United States, acting on behalf of the Internal Revenue Service (IRS), petitioned the district court to enforce two IRS summonses issued to Robert J. Rima pursuant to 26 U.S.C. § 7602. After multiple hearings and failed settlement negotiations, the Magistrate Judge[1] issued a Report and Recommendation finding that the summonses were properly issued and recommending that the petition to enforce the summonses be granted. The District

———————

[1] The Honorable James C. England, Chief United States Magistrate Judge for the Western District of Missouri.

Court[2] adopted the Report and Recommendation and ordered Rima to comply with the summonses by November 3, 2006. Rima filed a motion for reconsideration, which the District Court denied. On November 3, 2006, Rima met with an IRS agent; answered the agent's questions, from which the agent completed a collection information statement (IRS Form 433); permitted the agent to photocopy his credit card; and provided the agent a photocopy of what Rima's attorney labeled at oral argument "a transcript from an investment agency." At a hearing before the District Court that same day, the government reported that "the IRS has the information that they need" and moved to dismiss the enforcement action. Transcript of Nov. 3, 2006, Hearing at 4. Rima consented to dismissal. The District Court dismissed the case with prejudice on November 6, 2006. Rima now appeals the District Court's denial of his motion for reconsideration of the order granting the petition to enforce the summonses.

The government has filed a motion to dismiss this appeal, arguing that the appeal is moot because the District Court dismissed with prejudice the summons enforcement action. Our jurisdiction extends only to actual "cases" and "controversies." U.S. Const. art. III, § 2; see also Beck v. Mo. High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) ("Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies."). We do not have jurisdiction to review a district court's summons enforcement order if "an intervening event has rendered the controversy moot." Church of Scientology of Cal. v. United States, 506 U.S. 9, 15 (1992). In this case, we believe that the "intervening event" of the District Court's dismissal of the

---

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

summons enforcement action has rendered this appeal moot.[3]  Quite simply, there is no case or controversy that remains for us to decide.

Rima argues that under the decision in Church of Scientology, the appeal is not moot because we could order the IRS to return the three documents that Rima provided on November 3, 2006.  In Church of Scientology, the Supreme Court ruled that turning over material in compliance with a district court's order enforcing an IRS summons is not an intervening event that renders the appeal of the district court's order moot.  506 U.S. at 13 (noting that the appellate court could effectuate a partial remedy by ordering the IRS to either return or destroy material in the IRS's possession).  Thus, this case was not mooted by Rima's compliance with the District Court's summons enforcement order.  Had that been the end of activity at the district-court level, we would have jurisdiction over the appeal.  But the parties subsequently appeared before the District Court and requested dismissal of the case.  It is the District Court's dismissal with prejudice of the summons enforcement action that renders the controversy moot.[4]

This case is dismissed.

_____

<hr>

[3]The "capable of repetition, yet evading review" exception to the mootness doctrine, Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005), does not apply because the District Court's dismissal was with prejudice.

[4]The issues presented by Rima on appeal involve whether the IRS provided him an appropriate assessment of his tax liabilities, as required by an order of the Magistrate Judge.  Rima's attorney acknowledged at oral argument that we cannot reach these issues if we lack jurisdiction.