Quint **STAINBROOK**, on behalf of himself and those similarly situated, Plaintiff,

v.

**MINNESOTA DEPARTMENT OF PUBLIC SAFETY,** Defendant.

**Case No. 15–cv–4198 (WMW/LIB)**

United States District Court, D. Minnesota.

Signed March 8, 2017

Grant S. Gibeau, Gregg M. Corwin, Gregg M. Corwin & Associate Law Office, PC, St. Louis Park, MN, for Plaintiff.

Erin Bayley Toft–Dupuy, Michael P. Goodwin, Minnesota Attorney General's Office, Jacob R. Kraus, Kathryn Fodness, Kathryn I. Landrum, Nathaniel T. Hopkins, St. Paul, MN, for Defendant.

## ORDER

Wilhelmina M. Wright, United States District Judge

This matter is before the Court on the parties' joint motion to approve their settlement agreement and joint request for a stay. (Dkt. 39.) Because the parties' settlement agreement is conditioned on Minnesota governmental action that has not come to pass and is uncertain, the Court holds in abeyance as premature the parties' joint motion to approve the settlement agreement. The Court grants the joint motion to stay these proceedings to permit the parties to seek legislative action as to the terms of the parties' settlement agreement.

## BACKGROUND

Plaintiff Quint Stainbrook is a Patrol Field Lieutenant ("field lieutenant") for the Minnesota State Patrol, which is a department under the control of Defendant Minnesota Department of Public Safety ("the Department"). Stainbrook filed this lawsuit alleging that the Department violated the Fair Labor Standards Act ("FLSA") by failing to pay field lieutenants overtime. According to Stainbrook, field lieutenants regularly work in excess of 40 hours per week and are entitled to overtime pay of "at least one and one half times their regular rate of pay." The De-partment counters Stainbrook's allegations on the theory that "[t]he position of State Patrol Lieutenant [is] properly classified as an exempt position under the Fair Labor Standards Act at all relevant times alleged in the Complaint."

On February 1, 2016, the parties stipulated to the conditional certification of Stainbrook's complaint as a collective action. This conditional certification permitted the parties to inform potential plaintiffs of Stainbrook's complaint and provide an opportunity for others to "opt-in" to the lawsuit. Forty-four individual plaintiffs opted-in and extensive discovery followed.

The parties conducted a settlement conference on November 16, 2016, and although the Department maintains that field lieutenants are exempt from the over-time-pay requirements of the FLSA, the parties reached a settlement agreement. The settlement agreement details the efforts the parties plan to undertake to amend Appendix K of the Minnesota State Commissioner's Plan, which outlines the employment terms and conditions for field lieutenants. According to the parties, their proposed amendment to the Commissioner's Plan would remedy the allegations in Stainbrook's complaint. But the settlement agreement is subject to the following three contingencies: (1) approval of the settlement agreement's terms by this Court, (2) amendment of the Commissioner's Plan according to the parties' terms by the Department of Management and Budget, and (3) ratification of this amendment by the Minnesota Legislature. The settlement agreement is "null and void" if either the Court denies approval or legislative ratification of any amendment "is not obtained on or before the date of adjournment of the 2017 legislative session."

The parties filed the pending joint motion to approve their settlement agreement and joint request for a stay on January 31, 2017.

## ANALYSIS

■ The parties move the Court to "approve their settlement agreement and stay the proceedings pending legislative ratification." [1] The requested relief is addressed in turn.

### I. Motion to Approve Settlement Agreement

The parties contend that the Court should approve their settlement agreement because it is a "fair and reasonable resolution of the Parties' dispute." The settlement agreement, as drafted, also is contingent on the Court's approval. [2]

■ When a district court reviews a proposed FLSA settlement, it may approve the settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *See Fry v. Accent Mktg. Servs., L.L.C.*, No. 4:13 CV 59, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). A settlement addresses a bona fide dispute when it reflects a reasonable compromise over issues that are actually in dispute. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115, 66 S.Ct. 925, 90 L.Ed. 1114 (1946). To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case. *King v. Raineri Constr., LLC*, No. 4:14-CV-1828, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *Carrillo v. Dandan Inc.*, 51 F.Supp.3d 124, 132 (D.D.C. 2014)). A district court's review is properly limited to the "terms precisely addressing the compromised monetary amounts [that] resolve [the] pending wage and overtime claims." *Carrillo*, 51 F.Supp.3d at 134.

■ The parties' settlement agreement proposes to resolve the FLSA claims of a conditionally-certified collective action. *See Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164–65 (D. Minn. 2007)

---

1. As a threshold matter, the parties' requested relief appears to be inconsistent. Under Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). As a general matter, if it becomes clear at any time that a federal court can no longer grant effective relief, the case is moot. *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam). If the Court were to approve the parties' settlement agreement, it is unclear what, if any, proceedings would remain. Because the Court ultimately concludes that the parties' motion to approve the settlement agreement is premature, however, the Court need not resolve this apparent inconsistency.

2. The parties recognize that "[a] final settlement of this dispute provides a number of unique hurdles for the Parties to overcome." The settlement agreement includes a section titled "Timing of Events" which, according to the parties' March 1, 2017 letter to the Court, provides that "[l]egislative approval ... cannot be sought until Court approval is obtained." But the Court is not a party to the settlement agreement nor is the Court bound by the parties' determination that the first "unique hurdle[]" to overcome is obtaining the Court's approval of the settlement agreement.

(explaining the difference between conditional-certification of a collective action under the FLSA and final certification). But it is an open question whether judicial approval of a proposed settlement of FLSA claims is necessary in the absence of a final certified collective action. *See King*, 2015 WL 631253, at *1 (collecting cases). Assuming—without deciding—that the Court *would* review the proposed settlement agreement, the Court is unable to review the terms "precisely addressing the compromised monetary amounts" on this record because the settlement agreement's terms are subject to Minnesota governmental action that has not come to pass and is uncertain. There is no way to forecast whether the terms of the settlement agreement will remain unchanged through the legislative process. Moreover, federalism concerns arise when a federal court is asked to approve settlement terms that are pending review and potential modification by a state government. *See Horne v. Flores*, 557 U.S. 433, 448, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009) (noting that "institutional reform[s] ... often raise sensitive federalism concerns"); *Lewis v. Casey*, 518 U.S. 343, 385, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (Thomas, J., concurring) ("Article III cannot be understood to authorize the Federal Judiciary to take control of core state institutions ... and assume responsibility for making the difficult policy judgments that state officials are both constitutionally entitled and uniquely qualified to make."). Because the Court cannot assess whether the settlement agreement is fair and equitable to all parties on terms that are subject to further revision or rejection by the state government, the motion to approve the settlement agreement is premature.

Accordingly, pending possible state government action as to the terms of the parties' settlement agreement, the Court holds in abeyance the parties' motion to approve the settlement agreement.

## II. Motion to Stay Proceedings

█ The parties also move the Court to stay these proceedings "pending legislative approval of changes to the Commissioner's Plan." The parties indicate that they either would file a stipulation of dismissal upon legislative ratification or, if ratification does not occur, would move for the stay to be lifted and for the issuance of a new scheduling order.

█ It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). Matters relevant to the district court's determination of whether a stay is warranted include docket control, conserving judicial resources and facilitating the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F.Supp.2d 961, 964–65 (D. Minn. 1998).

A stay of these proceedings permits the parties to seek a mutually agreeable resolution of this dispute without the need for litigation. Moreover, all parties to this case jointly request the stay. In light of these circumstances, the Court concludes that a stay is warranted to control the Court's docket and conserve resources. *See id.* Accordingly, the Court will stay these proceedings pending possible state government action as to the terms of the parties' settlement agreement.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' joint motion to approve the settlement agreement, (Dkt. 39), is **HELD IN ABEYANCE** as premature.

2. The parties' joint motion to stay these proceedings, (Dkt. 39), is **GRANTED.**

3. Within 7 days after the effective date of any final legislative action as to the terms of the parties' settlement agreement or the conclusion of the 2017 Minnesota legislative session, the parties shall file a joint report with the Court proposing a scheduling plan for proceeding, if at all, with this matter.