# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2612

———————————————

Ana Melgar, individually and on behalf of all others similarly situated; Phaythoune Phengsouvanavong, individually and on behalf of all others similarly situated; Ruben Iraburo, individually and on behalf of all others similarly situated

*Plaintiffs - Appellants*

v.

OK Foods; OK Industries, Inc.

*Defendants - Appellees*

———————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

———————

Submitted: April 12, 2018
Filed: August 29, 2018

———————

Before GRUENDER, MELLOY, and GRASZ, Circuit Judges.

———————

MELLOY, Circuit Judge.

Employees of a chicken processing plant filed a lawsuit against their employer, OK Foods, Inc. and OK Industries, Inc. (collectively, "OK Foods"), alleging their employer failed to pay certain wages in violation of Arkansas state law and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* The parties eventually settled their dispute out-of-court for a confidential amount made known to

the court. While the district court approved the parties' settlement agreement (the "Agreement"), the court declined to award the agreed-upon $87,500.00 in attorneys' fees, costs, and expenses. Instead, the district court, *sua sponte*, reduced the fees awarded to $22,500.00. We reverse in part and remand with instructions to award Appellants the agreed-upon fees.

## I. Background

In May 2013, Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo (together, the "Appellants") filed a class action lawsuit against OK Foods in state court alleging unjust enrichment, breach of implied contract, and violations of the Minimum Wage Act of the State of Arkansas. Ark. Code. Ann. § 11-4-201, *et seq.* In June 2013, OK Foods successfully removed the case to federal court. After the court denied Appellants' motion for remand, Appellants amended their complaint to include FLSA claims.

In March 2015, the district court certified the case as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b). Over 1,000 individuals opted in to the action. In November 2015, the court stayed the case, pending the Supreme Court's decision in Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036 (2016).

In April 2016, the district court granted OK Foods' motion to decertify the collective action, in light of the Court's decision in Tyson Foods, reducing the case to the individual claims of Appellants. The district court also granted OK Foods' motion for partial summary judgment, subsequently limiting certain claims to a two-year limitations period under the FLSA.

In late 2016, the parties engaged in settlement discussions, including a full-day conference with a magistrate judge. The parties eventually agreed to settle for a confidential amount made known to the court, which Appellants allege was higher

than the parties could have expected to win at trial. The Agreement also included a provision requiring OK Foods to pay $87,500.00 in attorneys' fees. The parties then filed a joint motion for dismissal with prejudice.

The district court denied the joint motion and requested additional information to evaluate the fairness of the Agreement. The court expressed concern as to the amount OK Foods agreed to pay in attorneys' fees, noting there was "no information provided regarding the fee arrangement between the Plaintiffs and their counsel or the amount of time expended on the case." The court also expressed concern as to the relatively high ratio between the attorneys' fees and plaintiffs' recovery. The court noted that "[w]here a plaintiff's attorney receives a larger fee at the expense of his clients' wage claims" there could be a potential "conflict of interests between the attorney and his clients." The court recognized, however, that the case was "previously certified as a collective action and . . . ha[d] been zealously litigated."

In response, the parties provided the district court with the requested information and filed a joint motion to approve the settlement. The district court granted the motion as to the settlement amount but declined to award the agreed-upon attorneys' fees. Instead, the district court instructed Appellants to "file a properly-supported motion . . . to recover fees and costs." The district court also expressed concern as to the possibility of double-recovery by Appellants' counsel, as counsel is also involved in an ongoing state-court class action against OK Foods.

Accordingly, Appellants submitted documentation and filed a third, uncontested motion requesting that the court order OK Foods to pay the agreed-upon $87,500.00. The documents included hour logs and rates accounting for $536,810.00 in attorneys' fees and $94,745.30 in incurred costs and expenses, to support fees and costs totaling $631,555.30.

3

The district court denied the motion to approve the attorneys' fees, identifying the attorneys' fees provision of the Agreement and noting the "provision was severable from the remainder of the settlement agreement." As such, the court determined Appellants were "entitled to reasonable fees and costs that reflect that success," noted the amount Appellants recovered was lower than the attorneys' fees, and awarded $22,500.00 in attorneys' fees and costs without providing any additional explanation for the court's alternative calculation. Appellants filed a timely appeal of the district court's order with this court. OK Foods did not oppose this appeal, file a brief, or participate in oral argument. According to OK Foods, the terms of the settlement agreement preclude them from contesting the fee award.

"Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation . . . to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation omitted); see also 29 U.S.C. § 216(b) (noting that, under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Generally, "[t]he amount of the fee . . . must be determined on the facts of each case," and "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley, 461 U.S. at 429, 433. We, therefore, generally "review the district court's award of attorney fees for abuse of discretion." Quigley v. Winter, 598 F.3d 938, 956 (8th Cir. 2010) (citation omitted). However, as the Supreme Court noted, "Ideally, of course, litigants will settle the amount of a fee." Hensley, 461 U.S. at 437 (discussing the district court's determination as to attorneys' fees "[w]here settlement is not possible").

We must therefore address the tension in this particular case between our tradition of encouraging settlement between private parties, including the settlement of fees, with the potential obligation of the district judge to review the agreed-upon

4

attorneys' fees for fairness and reasonableness.  We review de novo legal questions, including the district court's standard of review regarding attorneys' fees as contained in a settlement agreement.  See Sturgill v. United Parcel Serv., Inc., 512 F.3d 1024, 1036 (8th Cir. 2008) (noting de novo review applies to "legal issues related to the award of attorney's fees and costs").

Here, after years of litigation, the parties engaged in a series of settlement conferences and reached a consensus.  The parties formally settled all relevant matters, including attorneys' fees, in the Agreement.  After reaching an agreement, the parties sought a joint motion for dismissal from the court.  In light of this history,  and OK Foods' lack of participation in the matter, this case presents two questions for our review: (1) did the court have a duty or a right to review the Agreement, and (2) if so, under what standard of review.

As to the first question, we recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review.  See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding parties cannot enter into private settlement agreements resolving previously filed FLSA claims without approval from the Department of Labor or the district court); but see Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 255 (5th Cir. 2012) (enforcing a private settlement agreement that included a compromise over FLSA claims).  Since neither party discusses whether district court approval is required, we need not address this issue.  Instead, we will assume without deciding that the district court has a duty to exercise some level of review of the Agreement and the attorneys' fee award.

As to the second question, where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees.  Even assuming the district court had a duty to review the Agreement, at some level, for fairness and reasonableness, review of attorneys' fees included in

a settlement agreement requires a certain level of deference by the district court to the parties' agreement. Here, the district court's approach extended beyond the scrutiny the situation required.

In a matter involving the joint stipulation of attorneys' fees in a settlement agreement, given the facts of this particular case, the court's duty to review is not an invitation to exercise line-item veto power over certain provisions. First, the fees are supported by ample documentation. Per the district court's request, Appellants provided additional details as to the total hours worked, rates charged, and costs incurred. Appellants' well-documented fees and costs, totaling $631,555.30, are well in excess of the $87,500.00 determination by the parties. The out-of-pocket costs alone exceed the agreed-upon amount. Second, the case was extensively litigated and hard fought. No question was raised about the quality of representation by Appellants' attorneys. We are reluctant to say an agreement reached after a full-day mediation, presided over by a magistrate judge, is unreasonable. Given the Agreement, the length of the litigation here (in both state and federal court), and the evolution of the arguments, the parties are in a unique position to assess how earlier claims contributed to the final outcome.

While we understand the district court's concern as to the attorneys' fees-to-recovery ratio, this ratio alone is not the sole determining factor. See Stainbrook v. Minnesota Dep't of Pub. Safety, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (noting five of the many factors a district court may consider "[t]o determine whether settlement terms are fair and equitable to all parties"); Carrillo v. Dandan Inc., 51 F. Supp. 3d 124, 132–33 (D.D.C. 2014) (reviewing the "totality of the circumstances" when determining the fairness of an FLSA settlement). In light of the need to focus on multiple factors and not just one, and in light of the strong likelihood that the parties' agreement is reasonable, we find that any required review by the district court is light and the award in this case is not outside the range of what would be approved.

We conclude the parties' agreed-upon attorneys' fees are fair and reasonable. Furthermore, any process of reviewing and approving stipulated attorneys' fees in the event of a settlement is more deferential than resolving attorneys' fees in a disputed case. See Hensley, 461 U.S. at 437 (noting "[a] request for attorney's fees should not result in a second major litigation"); see also Quigley, 598 F.3d at 958 (noting when "the record . . . is clear" and "remand would be inefficient, . . . it is necessary for us to determine an appropriate attorney fees award . . . in order to comply with the Supreme Court's command" in Hensley).

For these reasons we reverse and remand the case to the district court with instructions to award Appellants the agreed-upon $87,500.00 in attorneys' fees.

_____