# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1770
_____

Jason Farrell McGehee; Stacey Eugene Johnson; Bruce Earl Ward; Terrick Terrell
Nooner; Don William Davis

*Plaintiffs - Appellees*

v.

Nebraska Department of Correctional Services

*Defendant - Appellant*

------------------------------

State of Alabama; State of Arkansas; State of Georgia; State of Indiana; State of
Louisiana; State of Idaho; State of Oklahoma; State of South Carolina; State of
Texas; State of Utah; State of Missouri; State of Arizona; State of Kansas; State of
Kentucky; State of Mississippi; State of Ohio; State of South Dakota

*Amici on Behalf of Appellant(s)*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: October 20, 2020
Filed: February 10, 2021
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Appellees are Arkansas prisoners who are or were on death row for capital murder convictions. They commenced a lawsuit in the Eastern District of Arkansas alleging, among other claims, that Arkansas's method of execution violated the Eighth Amendment.[1] In order to obtain support for their claim, they sought information about the existence of known and available alternatives that would significantly reduce a substantial risk of severe pain. As part of their efforts to obtain the necessary information, they served subpoenas on several state correctional departments, including one on the Nebraska Department of Correctional Services ("NDCS"). NDCS objected, asserting the subpoena violated Nebraska's right to sovereign immunity under the Eleventh Amendment. The district court, relying on In re Missouri Dep't of Nat. Res. ("Missouri DNR"), 105 F.3d 434 (8th Cir. 1997), determined that the Eleventh Amendment did not categorically bar appellees' subpoena. It also found that NDCS had failed to demonstrate the modified subpoena requests infringed on the autonomy of the State of Nebraska.

On appeal, NDCS renewed its assertion that the Eleventh Amendment categorically bars Article III jurisdiction over a third-party subpoena served on an unconsenting state. We received a letter from appellees pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure one day before the scheduled argument contending the case had become moot in light of the district court's decision rejecting their Eighth Amendment claims in the underlying Arkansas case.

_____

[1]After briefing was complete and before oral argument, the district court ruled against appellees on their Eighth Amendment claims. McGehee v. Hutchinson, 463 F. Supp. 3d 870 (E.D. Ark. 2020). Appellees' motion for a new trial, for additional findings of fact, and to amend the judgment remains pending.

In our original opinion, we noted that the use of a Rule 28(j) letter to raise mootness was procedurally irregular and deprived us of full briefing on the issue, but concluded it did not affect the outcome because we were bound by the panel's decision in Missouri DNR, 105 F.3d at 436. Upon further consideration, we vacated the original panel opinion, granted the petition for rehearing by the panel, and ordered supplemental briefing on the issue of mootness. Having carefully studied the parties' supplemental briefs, we now find this case has been rendered moot.

Because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction, we begin with appellees' claim that the case is moot. Calderon v. Ashmus, 523 U.S. 740, 745 & n.2 (1998); McDaniel v. Precythe, 897 F.3d 946, 949–50 (8th Cir. 2018). Appellees contend the case is moot because (1) the Nebraska Supreme Court ordered the public disclosure of the same documents at issue in the underlying subpoena being challenged by NDCS and thus there is no effective relief this Court can grant, and (2) the underlying lawsuit from which the subpoena issued has reached final judgment. NDCS acknowledges the documents now publicly available overlap those produced in response to the subpoena, but contends it should not be denied the right to contest the exercise of jurisdiction that infringed on its sovereignty. NDCS asserts we can still grant effective relief because a dismissal of the underlying subpoena on the basis of sovereign immunity would necessarily require the return or destruction of the records.

When considering mootness, even if we cannot grant "full relief," the Supreme Court has concluded that a live controversy exists if we can "effectuate a partial remedy." Church of Scientology of California v. United States, 506 U.S. 9, 13 (1992). Likewise, the parties must have "a concrete interest, however small, in the outcome of the litigation." Chafin v. Chafin, 568 U.S. 165, 172 (2013) (quoting Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307–08 (2012)).

Here, because all of the documents[2] produced in response to the subpoena have been made public pursuant to the Nebraska Supreme Court's decision in State ex rel. BH Media Group, Inc. v. Frakes, 943 N.W.2d 231 (Neb. 2020), the dispositive question for us is whether there remains any "effective" relief we can grant to NDCS. In re Search Warrants Issued in Connection with Investigation of South Cent. Career Center, West Plains, Missouri (In re Search Warrants), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing Beck v. Missouri State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) ("If circumstances change over the course of the litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot and we have no power to decide it.")). We find there is no effective relief we can grant.

The relief NDCS asserts we can provide follows two paths: (1) we can give effective relief by "vindicat[ing] the injury to the State's sovereignty;" and (2) we can order the return or destruction of the records, which, in NDCS's view, would restrict or pose a hardship as to appellees' use of the records in any future proceedings remaining in Arkansas. Beginning with the latter, the return or destruction of the documents provides no meaningful relief. All the information (and more) is publicly available so taking these documents produced as a result of the subpoena out of the hands of appellees would neither change the information available to them, nor would it eliminate appellees' ability to use the documents in future court proceedings. The documents could be obtained, authenticated, and admitted in other court proceedings in a variety of possible ways, including by judicial notice as to any document already in a court record, by its own public records request to the NDCS, and/or by request for admission as to any case involving NDCS. And even if there is some chance that

_____

[2]NDCS has not disputed that there is even more information in the public domain because an additional 36 pages not produced pursuant to the subpoena have now been produced pursuant to the Nebraska Supreme Court's decision and the subpoena documents that were produced in this case contain more redactions than those that have now been made public.

-4-

the underlying litigation continues in Arkansas, by virtue of the pending post-trial motion or later review by an appellate court, any possibility that the documents might be used in the future is "too speculative to overcome a finding of mootness." Spencer v. Kemna, 91 F.3d 1114, 1117 (8th Cir. 1996); see also Doe No. 1 v. Reed, 697 F.3d 1235, 1239 (9th Cir. 2012) ("A moot case cannot be revived by alleged future harm that is so remote and speculative that there is no tangible prejudice to the *existing interests* of the parties." (internal quotation marks omitted)).

Requiring the return or destruction of the subpoenaed documents would provide no effective relief. NDCS's challenge to the subpoena has been mooted by the Nebraska Supreme Court order requiring public disclosure. In re Search Warrants, 487 F.3d at 1192 (magistrate judge's order unsealing documents rendered moot the appeal from the denial to unseal search warrants in connection with a federal investigation). Having reached this conclusion, we find NDCS's other proposed basis of relief untenable because it would require us to decide the sovereign immunity issue before deciding mootness, or it would require us to reach the sovereign immunity issue despite our finding that the case is moot. We decline to do either.

Our final inquiry is whether this case fits within the exception to the mootness doctrine for cases capable of repetition, yet evading review. This exception is "extraordinary and narrow." Minnesota Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999) (quoting Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999)). It requires a showing that "(1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. While NDCS may be served similar subpoenas in the future, it does not follow that future cases will evade review.

For the foregoing reasons, we vacate the district court's order and remand to the district court with instructions to dismiss the case.  In re Search Warrants, 487 F.3d at 1193.

_____